IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | No. 3:20-CR-26-CAR-CHW-2 |
| ROBERT BOOKER, SR, : | |
| : | |
| Defendant. : | |
| : | |

### ORDER ON THE GOVERNMENTS 404(b) NOTICE AND DEFENDANT'S MOTION IN LIMINIE

Currently before the Court is the Government's 404(b) notice of intent to introduce evidence of Defendant Robert Booker's prior drug related crimes. In response, Defendant filed a Motion in Limine to prohibit the introduction of 404(b) evidence. For the reasons discussed, Defendant's Motion [Doc. 141] is **GRANTED in part** and **DENIED in part,** specifically evidence of Defendant's conviction in Madison County, Georgia is admissible under the Federal Rules of Evidence, but evidence from Defendant's arrest in Athens, Georgia is inadmissible.

### BACKGROUND

On July 12, 2022, the Grand Jury returned a multi-count, multi-defendant superseding indictment charging Defendant with possession with intent to distribute methamphetamine, possession with intent to distribute marijuana, possession with intent to distribute heroin; possession with intent to distribute alprazolam, possession

1

with intent to distribute oxycodone, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. Defendant was released on a secured bond pending trial, which is set to begin on August 15, 2022, in Athens, Georgia.

The Government contends that the evidence presented at trial will show that on September 22, 2019, Georgia State Patrol Trooper Ian Moremen observed a Dodge pickup truck speeding in Walton County, Georgia and conducted a traffic stop. The truck was driven by co-defendant Peter Lawrence, and Defendant Booker was in the passenger seat of the vehicle. Trooper Moremen smelled an odor of marijuana coming from the truck and ordered the passengers out of the vehicle. A search of the vehicle produced a large quantity of marijuana, oxycodone pills, a Smith and Wesson 9mm pistol, and over 100 pills of various colors—later tested and identified as containing methamphetamine and alprazolam.

## DISCUSSION

The Government seeks to introduce prior drug related evidence stemming from Defendant's arrest in Athens and his Alford Plea in Madison County for the purpose of showing Defendant's intent, knowledge, absence of mistake, and lack of accident in the present case. Defendant filed a Motion in Liminie to exclude the evidence. Federal Rule of Evidence 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person

acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit applies a three-part test in examining the admission of Rule 404(b) evidence. For evidence of other crimes or acts to be admissible under Rule 404(b) "(1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy [Fed. R. Evid.] 403."[1]

"Federal Rule of Evidence 404(b) empowers courts to admit evidence of a defendant's other crimes when that evidence is used to prove, inter alia, the defendant's intent to commit the crime at issue."[2] "404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case."[3] "Prior convictions may be probative of intent where, as here, the prior conviction was for possession of the same drug involved."[4]

---

[1] *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).
[2] *United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013)
[3] *United States v. Jernigan,* 341 F.3d 1273, 1280 (11th Cir. 2003) (quoting *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994)).
[4] *Id*. at 1226 (quoting *United States v. Green*, 40 F.3d 1167, 1174 (11th Cir. 1994) ("The challenged similar act [possession of cocaine] involved the same mental state as the charged crime [possession with intent to distribute cocaine] because both incidents involved possession of the same illicit drug, cocaine.")).

3

A. Madison County Conviction[5]

On August 10, 2016, a search warrant was executed at Defendant's residence in Madison County, Georgia. Inside the residence, officers immediately smelled a strong odor of marijuana. Defendant was placed in handcuffs and searched. The search revealed an unlabeled pill bottle in Defendant's pocket which contained three different types of prescription pills: Alprazolam, Oxycodone, and Hydrocodone. After a search of the residence, agents located multiple bags of marijuana, 130 suspected Adderall pills, digital scales, and $3,094.73 in U.S. currency. Investigators located a Smith and Wesson .40 caliber pistol in a white Chevrolet Malibu parked outside the residence, as well as a Taurus, Model: Judge, .45 caliber revolver and a large quantity of marijuana in the closet of Defendant's bedroom.

Defendant was indicted in the Superior Court of Madison County, Case No. 16MR-552-H, for Trafficking in Cocaine, Possession of Marijuana with Intent to Distribute, Possession of a Firearm During Commission of a Felony, Possession of a Firearm by a Convicted Felon, Possession of Alprazolam, Possession of Oxycodone, Possession of Hydrocodone, and Possession of Drugs Not in Original Container. On February 23, 2022, Defendant entered an Alford plea to Possession of a Schedule II

---

[5] *See generally*, Government's 404(b) Notice, [Doc. 132] at p. 7-9; Exhibit D from Madison Co Sheriff's Office, [Doc. 132-4]; *Amended Notice of Intent to Introduce Evidence Pursuant To Rule 404(B)*, [Doc. 140].

Controlled Substance, Possession of Amphetamine, and Possession of Marijuana with Intent to Distribute.

Although Defendant's marijuana conviction is the only overlapping drug conviction with the charges in the present case, the Eleventh Circuit has "held that prosecutors can demonstrate a defendant's intent to distribute drugs in the present by demonstrating that the defendant distributed drugs in the past – even if the past distribution involved a different type of drug."[6] As in *Smith* and *Greeen*, the challenged acts here involve the same mental state as the charged crime as well the same contraband. The Eleventh Circuit has also held that when evidence of other crimes "goes to intent rather than identity[,] a lesser degree of similarity between the charged crime and the uncharged crime is required."[7]

The Government anticipates using evidence of Defendant's 2016 conviction in Madison County to prove his intent, knowledge, and absence of mistake. In its notice, the Government contends that Defendant "was adamant that he thought that he could lawfully possess the marijuana because he was purportedly prescribed it for medicinal purposes. However, at the time of the traffic stop in Walton County, Defendant was under the pending Madison County Superior Court indictment, which clearly placed him on notice (i.e., he had knowledge) that he could not lawfully possess marijuana."[8]

---

[6] *United States v. Gibson*, 678 Fed.Appx. 823 (11th Cir. 2017).
[7] *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).
[8] Government's 404(b) Notice, [Doc. 132] at p. 14-15.

By advancing these defenses, Defendant has put intent, knowledge, and absence of mistake at issue in this case.[9]

The Government has carried its burden of establishing the evidence is relevant to an issue other than the Defendant's character. Moreover, there is sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the acts in question. Defendant entered an Alford plea in Madison County and was convicted. Defendant's plea and conviction are sufficient proof for a jury to find by a preponderance of the evidence that Defendant committed the offenses he was convicted of in Madison County.

Finally, the probative value of the 404(b) evidence the Government seeks to introduce is not substantially outweighed by undue prejudice and satisfies Federal Rule of Evidence 403. "A decision on the third prong, 'lies within the sound discretion of the district judge,' and it requires consideration of, among other things, 'prosecutorial need, overall similarity between the extrinsic act and the charged offense, [and] temporal remoteness.'"[10]

---

[9] *United States v. James*, 147 F. App'x 76, 80 (11th Cir. 2005) ("by […] advancing a defense theory based on mistake or mere participation, James put his intent and knowledge at issue. To prove the intent element and negate James's purported defense, the government presented evidence of a prior conviction for drug trafficking and firearm possession, which we find was relevant in light of the similarity between the extrinsic act and the charged offenses.").

[10] *United States v. Tercero*, 859 F. App'x 506, 508 (11th Cir. 2021) (quoting *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997)).

Additionally, Defendant has entered a plea of not guilty on all counts charged in the superseding indictment and exercised his constitutional right to a jury trial. There is "[a]mple precedent . . . in this circuit finding that a not guilty plea in a drug conspiracy case . . . makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent."[11] While Defendant is not charged with conspiracy in the present case, he is charged with possession with intent to distribute. As in a conspiracy case, the Government must prove Defendant's intent beyond a reasonable doubt, and Defendant's statements have placed his intent at issue. Therefore, there is a compelling prosecutorial need to introduce evidence of Defendant's conviction. Finally, the temporal remoteness is minimal.

Thus, evidence of Defendant's conviction in Madison County meets the requirements under Rule 404(b). The Court will allow the Government to admit evidence of Defendant's conviction in Madison County, and the Government may use the evidence for any purpose permitted by Rule 404(b) including: motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Court will issue a limiting instruction to the jury before the evidence of Defendant's

---

[11] *Smith*, 741 F.3d at 1225 (11th Cir. 2013) (citing *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997)).

7

Madison County conviction is introduced and in its final instructions to the jury to reduce any undue prejudice to Defendant.[12]

      B. Evidence from Athens Arrest on July 29, 2015[13]

The Government seeks to introduce evidence of Defendant's prior act of possession with intent to distribute MDMA based on evidence seized after an encounter with Athens-Clarke County Police Officer James Moss. On July 20, 2015, Officer Moss responded to a tip from a confidential informant who alleged Defendant was in possession of cocaine. When Officer Moss arrived, Defendant was ordered out of the car, patted down, and placed in handcuffs. Defendant refused a search of his person and was transported to an Athens-Clarke County police department precinct.

As Defendant exited the patrol car at the precinct, a black cloth sunglasses case fell to the pavement. The contents of the case were believed to be MDMA, crack cocaine, and methamphetamine. The pills were analyzed by GBI Forensic Chemist Karlie McManaman who determined that the pills contained 3, 4-methylendioxy-N-ethylcathinone (Ethylone), a Schedule I controlled substance. The suspected cocaine tested negative for controlled substances, and the other suspected contraband was not tested.[14] Defendant was never formally charged or prosecuted.

---

[12] *See United States v. Ramirez*, 426 F.3d 1344 at 1350, 1354. ("A limiting instruction after the close of evidence can lower the risk of undue prejudice to a defendant.")
[13] *See generally*, Government's 404(b) Notice, [Doc. 132] at p. 4-7; Exhibit B, ACCPD Incident Report, [Doc. 123-2]; Exhibit C, Forensic Chemist McManaman's Report, [Doc. 132-3].
[14] *See* Exhibit C, Forensic Chemist McManaman's Report, [Doc. 132-3].

Defendant contends law enforcement obtained this evidence in violation of his Fourth Amendment rights, and thus, the evidence is inadmissible. Evidence obtained in violation of a Defendant's Fourth Amendment is inadmissible pursuant to the exclusionary rule.[15] The Eleventh Circuit has held that "Rule 404(b) evidence is subject to the exclusionary rule."[16] For the 404(b) evidence to be admitted, the evidence must satisfy the requirements of the Fourth Amendment and the Federal Rules of Evidence.[17]

Here, the Court finds the evidence from Defendant's arrest in Athens does not satisfy the requirements of Rule 404. Thus, no Fourth Amendment analysis is required. While the evidence may be relevant to an issue other than Defendant's character, the probative value of the evidence is substantially outweighed by undue prejudice. In evaluating the requirements of Rule 404(b), the Eleventh Circuit noted that "the 'more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant,' since it increases '[t]he likelihood that the jury will convict the defendant because he is the kind of person who commits this particular type of crime or because he was not punished for the extrinsic offense.'"[18]

Here, there is a striking similarity between the Athens incident and the charged offense. During the Athens incident, Defendant was in a vehicle with three other males,

---

[15] *Tercero*, 859 F. App'x at 508-09.
[16] *Id*.
[17] *United States v. Hill*, 60 F.3d 672, 680 (10th Cir. 1995)
[18] *Tercero*, 859 F. App'x at 508 (quoting *United States v. Beechum*, 582 F.2d 898, 915 n.20 (5th Cir. 1978) (*en banc*)).

one of whom was Peter Lawrence—a co-defendant in the present case who has since pled guilty. Following the pat down and transport of Defendant, Officers discovered a cloth sunglasses case containing 70 pills of suspected MDMA, which later tested positive for Ethylone, as well as other suspected narcotics which did not test positive for controlled substances. Both the Athens incident and the charged offense involved Booker and Lawrence, a substantial quantity of contraband pills, and other narcotics.

While the Government contends the Athens incident will be used to show absence of mistake or lack of accident, the Court cannot conclude the probative value outweighs the risk of substantial undue prejudice to Defendant. As the Eleventh Circuit noted, the Court cannot overlook the increased "likelihood that the jury will convict the defendant because he is the kind of person who commits this particular type of crime or because he was not punished for the extrinsic offense."[19] Furthermore, the Court acknowledges Defendant's challenge as to the constitutionality of the search in the Athens incident—particularly in light of the fact Defendant was never charged or indicted. The lack of any formal charge additionally increases the Court's doubt that there is sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the acts in question. The Court finds the prosecutorial need for the evidence fails to overcome the substantial undue prejudice to Defendant.

---

[19] *Id.*

**CONCLUSION**

Defendant's Motion [Doc. 141] is **GRANTED in part** as to evidence from Defendant's arrest in Athens and **DENIED in part** as to evidence of Defendant's conviction in Madison County**.**

**SO ORDERED,** this 12th day of August, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
